UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| The Estate of Marilyn Monroe LLC,<br>　　　　Plaintiff,<br><br>vs.<br><br>33325225, et al,<br>　　　　Defendants. | CIVIL ACTION FILE<br><br>NO.  1:22-cv-03415-MLB |

## DEFAULT JUDGMENT

The defendants having failed to plead or otherwise to defend in this action and default having been duly entered, and the Court, Honorable Michael L. Brown, United States District Judge, by order of October 2, 2023, having directed that judgment issue in favor of plaintiff and against the defendants, it is hereby

ORDERED AND ADJUDGED as follows:

1. **Permanent Injunctive Relief**: All 58 remaining Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with Defendants are hereby permanently restrained and enjoyed from:

    a.  Manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit and/or infringing goods bearing one or more of Plaintiff's federally

        registered trademarks, as identified in Paragraph 12 of the Complaint ("Plaintiff's Marks");

b.   using Plaintiff's Marks in connection with the offer for sale or sale of any unauthorized goods;

c.   using any logo and/or layout which may be calculated to falsely advertise the goods or services of Defendants offered for sale or sold through any e-commerce marketplace store, seller identity, or business as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d.   falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.   engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale or sold via any e-commerce marketplace store, seller identity, or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.   using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods or services sold by Defendants;

g. affixing, applying, annexing, or using in connection with the sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent goods or services offered for sale or sold by Defendants as being those of Plaintiff, or in any way endorsed by or associated with Plaintiff;

h. offering any such counterfeit or infringing goods in commerce and from otherwise unfairly competing with Plaintiff;

i. using Plaintiff's Marks or any confusingly similar trademarks on or in connection with any e-commerce marketplace store, business, or webpage (including as the title of any webpage), advertising links to other websites, search engines' databases or cache memory, and on or in connection with any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet-based businesses or e-commerce marketplace stores registered by, owned, or operated by Defendants; and

j. effecting assignments or transfers, forming new entities or associations, or utilizing any other device

for the purpose of circumventing or otherwise avoiding the prohibitions set forth above and herein.

2. **Statutory Damages for Use of Counterfeit Marks**: Plaintiff is entitled to recover statutory damages from Defendants in the amounts reflected in the "Statutory Damages" column of Exhibit B hereto, which represent $2,000 per counterfeit mark per type of good sold or offered by each Defendant.

3. **Disgorgement of Profits for Use of Confusingly Similar Marks**: Plaintiff is entitled to recover damages from those Defendants engaged in the use of confusingly similar marks in the amounts reflected in the "Total Damages" column of Exhibit C hereto, which represents each Defendant's disgorged profits, trebled in light of Defendants' intentional and willful infringement.

4. **Asset Freeze Order**: The asset freeze order from the TRO and preliminary injunction is continued. (Dkts. 10, 21.) Additionally, any financial institution, payment processors, banks, escrow services, money transmitters, or e-commerce marketplace platforms, and their related companies or affiliates receiving notice of this Final Judgment and Permanent Injunction shall immediately freeze any additional moneys or financial assets of

    Defendants in their possessions in full or partial satisfaction of this judgment.

5. **Release of Frozen Funds**: All funds previously restrained by the financial institutions, payment processors, banks, escrow services, money transmitters, or e-commerce marketplace platforms, and their related companies or affiliates pursuant to the TRO and Preliminary Injunction in this action, together with all funds frozen pursuant to this Final Judgment, are to be immediately (within 5 business days) transferred to Plaintiff in full or partial satisfaction of the monetary judgment entered herein. Any such financial institution retaining such funds shall provide to Plaintiff at the time the funds are released, a breakdown reflecting: (i) the total funds restrained identifying the financial account(s) and sub-account(s) which the restrained funds are related to in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from the funds restrained prior to release; and (iii) total funds released to Plaintiff.

6. Interest from the date this judgment is entered shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

7. The Court retains jurisdiction to enforce the Final Judgment and Permanent Injunction.

Dated at Atlanta, Georgia this 2nd day of October, 2023.

                                                KEVIN P. WEIMER
                                                CLERK OF COURT

                              By:    /s/Benjamin G. Thurman
                                         Deputy Clerk

Prepared, filed, and entered
in the Clerk's Office
October 2, 2023
Kevin P. Weimer
Clerk of Court

By:  /s/Benjamin G. Thurman
       Deputy Clerk

# EXHIBIT B

| Defendant | # Marks | # Goods | Statutory Damages |
|---|---|---|---|
| A002 | 2 | 1 | $ 4,000.00 |
| ADAWALL DUVAR KAGITLARI SANAYI VE DEKORASYON LIMITED SIRKETI | 1 | 1 | $ 2,000.00 |
| aidegou9 | 1 | 1 | $ 2,000.00 |
| aidegou11 | 1 | 1 | $ 2,000.00 |
| aidegou14 | 1 | 1 | $ 2,000.00 |
| Aido Art Museum | 1 | 1 | $ 2,000.00 |
| AndyGFinds | 1 | 1 | $ 2,000.00 |
| Artel Decor | 1 | 1 | $ 2,000.00 |
| Arty | 1 | 1 | $ 2,000.00 |
| BeautLife | 1 | 1 | $ 2,000.00 |
| chen qian | 1 | 1 | $ 2,000.00 |
| chen qiang 1 | 1 | 1 | $ 2,000.00 |
| Colourful diamond | 1 | 1 | $ 2,000.00 |
| Domei Pavilion Art Museum | 1 | 1 | $ 2,000.00 |
| dongguanshilongekejiyouxiangongsi | 1 | 1 | $ 2,000.00 |
| dyc | 1 | 1 | $ 2,000.00 |
| Emmy art gallery | 1 | 1 | $ 2,000.00 |
| guixishixiyuanyibaihuodian | 1 | 1 | $ 2,000.00 |
| haikouwangnaixiangyishangmaoyouxiangongsi | 1 | 1 | $ 2,000.00 |
| Hainanhaikoudongfangyajingmaoyishanghanggere nduzi | 1 | 1 | $ 2,000.00 |
| JingJie Zhang | 1 | 1 | $ 2,000.00 |
| jingjijishukaifaqujianghuashangmaohang | 1 | 1 | $ 2,000.00 |
| jinjiangshibaoqifushiyouxiangongsi | 1 | 1 | $ 2,000.00 |
| Kubra Seran | 1 | 1 | $ 2,000.00 |
| lingqiuxianhonglishenghuochaoshi | 1 | 1 | $ 2,000.00 |
| Love Anime Bedding | 1 | 2 | $ 4,000.00 |
| Mansheng Art | 1 | 1 | $ 2,000.00 |
| Marethy | 1 | 1 | $ 2,000.00 |

| Defendant | # Marks | # Goods | Statutory Damages |
|---|---|---|---|
| Meditation Art Gallery | 1 | 1 | $ 2,000.00 |
| MIHUO | 1 | 1 | $ 2,000.00 |
| n11Worldwide | 1 | 1 | $ 2,000.00 |
| n11Worldwide - Kid Clothing | 1 | 1 | $ 2,000.00 |
| Painting Art Decor | 1 | 1 | $ 2,000.00 |
| pingdingshanyaweilifangshangmaoyouxiangongsi | 1 | 1 | $ 2,000.00 |
| R17 Phone Case | 1 | 1 | $ 2,000.00 |
| shanxijieqiongmaoyiyouxiangongsi | 1 | 1 | $ 2,000.00 |
| Shaolifang | 1 | 1 | $ 2,000.00 |
| Shiyi Yaxin Daily Store | 1 | 1 | $ 2,000.00 |
| Universal E Plus Inc | 1 | 1 | $ 2,000.00 |
| xinxiangshiyelingshangmaoyouxiangongsi | 1 | 1 | $ 2,000.00 |
| yuanpingshimengmiaojiancaijingyingbu | 1 | 1 | $ 2,000.00 |
| Yulinkemailongshangmaoyouxiangongsi | 1 | 1 | $ 2,000.00 |
| zhoukoushizhongxuanshangmaoyouxiangongsi | 1 | 1 | $ 2,000.00 |
| zuanshihua7 | 1 | 1 | $ 2,000.00 |
| zuanshihua16 | 1 | 1 | $ 2,000.00 |

# EXHIBIT C

| Defendant | Sales | Total Damages |
|---|---:|---:|
| 33325225 | $ 0 | $ 0 |
| bvest | $ 0 | $ 0 |
| CWYJM Magic Case | $ 0 | $ 0 |
| DAT VAN TRAN | $ 4607.05 | $ 13,821.15 |
| EMY WIG | $ 0 | $ 0 |
| HeNanShengBaMianFengXinNengYuanKeJiYouXianGongSi | $ 37.92 | $ 113.76 |
| jiangyeshangmao | $ 0 | $ 0 |
| luck J2 phone case | $ 5.09 | $ 15.27 |
| mouse pad | $ 0 | $ 0 |
| PingYaoHuiEnChangXingDianZiShangWuYouXianGongSi | $ 0 | $ 0 |
| qiqihaerhaorudianzishangwuyouxiangongsi | $ 4176.86 | $ 12,530.58 |
| Tanveer Ahmad | $ 340.90 | $ 1022.70 |
| zhangzhousiyuwangluokejiyouxiangongsi | $ 815.81 | $ 2447.43 |